IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

PATRICIA J. SPIVEY,                )
                                   )
            Plaintiff,             )
                                   )
v.                                 )     Civil Action No. 3:22CV350–HEH
                                   )
JPMORGAN CHASE BANK, NA,           )
et al.,                            )
                                   )
            Defendants.            )

## MEMORANDUM OPINION
### (Granting Defendants' Motions to Dismiss Without Prejudice)

In her Complaint filed in Henrico County Circuit Court on March 21, 2022, *pro se* Plaintiff Patricia J. Spivey ("Spivey" or "Plaintiff") names five defendants: JPMorgan Chase Bank, NA ("Chase"), Commonwealth Trustees LLC ("Commonwealth"), Corporation Service Company ("CSC"), C.T. Corporation System ("CT Corp."), and BWW Law Group, LLC ("BWW" and collectively, "Defendants"). (Compl. at 3, ECF No. 1-2.) Spivey alleges "illegal non-judicial foreclosure," "bankruptcy fraud on a mortgage," "mortgage fraud," and "escrow fraud." (*Id.*) On April 29, 2022, Chase removed the case to federal court on the basis of diversity jurisdiction. (Notice of Removal, ECF No. 1.)[1]

---

[1] In its Notice of Removal, Chase argues that Commonwealth, CT Corp., CSC, and BWW are either nominal parties or fraudulently joined and thus should be dismissed *sua sponte*. (Notice of Removal at 1.) Regarding this issue, the Court issued an Order on May 2, 2022 requesting briefing from Plaintiff on the nominal status of the four Defendants. (Order, ECF No. 10.) Plaintiff did not respond. However, based on information provided by Chase (*id.* ¶ 37 n.5), diversity of citizenship exists among the parties already. Thus, the Court need not consider whether the Defendants, other than Chase, are nominal or fraudulently joined. Moreover, though

Subsequently, on May 6, 2022, two Defendants, Chase and Commonwealth, filed Motions to Dismiss asserting that the Complaint fails to state a claim upon which relief can be granted, and therefore should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). (Chase Mot. at 1, ECF No. 4; Comm. Mot. at 1, ECF No. 7.) Plaintiff failed to respond to the Motions. For the reasons stated herein, the Court will grant Chase and Commonwealth's Motions and dismiss Spivey's claims against them without prejudice. Furthermore, the Court will *sua sponte* dismiss the remaining claims against CSC, CT Corp., and BWW without prejudice, as they are identical to the claims against Commonwealth.

## I. BACKGROUND

Plaintiff pleads her claims in a one-page, handwritten Complaint that lists four causes of action but includes zero relevant facts. (Compl. at 3.) Count One of Plaintiff's Complaint alleges "illegal non-judicial foreclosure" of a third party. (*Id.*) She does not list any facts to support Count One. (*Id.*) In Count Two, she alleges "bankruptcy fraud on a mortgage" and references "missing trustee payments" as a corresponding fact. (*Id.*) Count Three alleges "mortgage fraud" and lists "missing payments" as a relevant fact. (*Id.*) Count Four claims "escrow fraud," but does not list any relevant facts. (*Id.*) Plaintiff's Complaint contains no other facts or supporting evidence. (*Id.*)

---

nominal parties may be disregarded for diversity of citizenship purposes, *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461 (1980), that is not equivalent to dismissing nominal parties from a case *sua sponte*.

In her prayer for relief, Plaintiff seeks injunctive and declaratory relief. (*Id.*) First, Plaintiff requests to enjoin eviction proceedings pending against her. (*Id.*) Second, she demands a "free and clear Title and Deed" to the property at issue in Count One. (*Id.*) Additionally, Plaintiff seeks $99,000,000 in punitive damages and a reimbursement of all court fees. (*Id.*) In an aside at the end of her Complaint, Plaintiff notes that she is disabled, and an eviction would render her homeless. (*Id.*)

Public records indicate that Plaintiff assigned the deed of trust for her residence to Henry C. Day, Esquire as trustee on December 28, 2004.[2] (ECF No. 5-2.) She then reassigned the deed on June 6, 2012 to U.S. Bank National Association ("U.S. Bank") as trustee. (ECF No. 5-3.) On March 5, 2022, U.S. Bank appointed Professional Foreclosure Corporation of Virginia ("PFCV") as a substitute trustee after offering the property for sale at an auction on February 7, 2022. (ECF No. 5-4.) At the end of her Complaint, Plaintiff attached a letter from Select Portfolio Servicing ("SPS") indicating that eviction proceedings on her home "have been initiated or are to be initiated" on March 12, 2022. (Compl. at 4.) Plaintiff does not name SPS, Henry C. Day, U.S. Bank, or PFCV as defendants in this action. (*Id.* at 3.)

## II. STANDARD OF REVIEW

Chase and Commonwealth bring their Motions to Dismiss under Federal Rule of

---

[2] Though public records demonstrate facts about the deed of trust on Plaintiff's home, the documents referred to above were not included in her Complaint. Instead, in its Motion to Dismiss, Chase attached them. (ECF Nos. 5-1–6.) The Court includes details from these documents as context, but they are not crucial to the decisions made here.

3

Civil Procedure 12(b)(6). A Rule 12(b)(6) motion "does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." *Tobey v. Jones*, 706 F.3d 379, 387 (4th Cir. 2013) (quoting *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992)). "A complaint need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Ray v. Roane*, 948 F.3d 222, 226 (4th Cir. 2020) (alteration in original) (quoting *Tobey*, 706 F.3d at 387). However, a "complaint must provide 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Turner v. Thomas*, 930 F.3d 640, 644 (4th Cir. 2019) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "Allegations have facial plausibility 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Tobey*, 706 F.3d at 386 (quoting *Iqbal*, 556 U.S. at 679). A court, however, "need not accept legal conclusions couched as facts or unwarranted inferences, unreasonable conclusions, or arguments." *Turner*, 930 F.3d at 644 (quoting *Wag More Dogs, LLC v. Cozart*, 680 F.3d 359, 365 (4th Cir. 2012)). In considering such a motion, a plaintiff's well-pleaded allegations are taken as true, and the complaint is viewed in the light most favorable to the plaintiff. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009). Legal conclusions enjoy no such deference. *Iqbal*, 556 U.S. at 678.

Moreover, because Plaintiff asserts three fraud claims—bankruptcy fraud, mortgage fraud, and escrow fraud—her Complaint must meet the heightened pleading standard articulated by Rule 9(b). "In alleging fraud or mistake, a party must state with

4

particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). To meet this heightened standard, Plaintiff must allege the "who, what, where, and when of the fraud with the requisite specificity." *Goodweather v. Parekh*, No. 1:20cv6, 2020 WL 9259760, at *7 (E.D. Va. Sept. 18, 2020).

Lastly, it is well established that courts must liberally construe a *pro se* litigant's complaint. *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006). Courts, however, need not attempt "to discern the unexpressed intent of the plaintiff." *Id.* Nor does the requirement of liberal construction excuse a clear failure in the pleadings to allege a federally cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990). As the United States Court of Appeals for the Fourth Circuit explained in *Beaudett v. City of Hampton*, "[t]hough [*pro se*] litigants cannot, of course, be expected to frame legal issues with the clarity and precision ideally evident in the work of those trained in law, neither can district courts be required to conjure up and decide issues never fairly presented to them." 775 F.2d 1274, 1276 (4th Cir. 1985).

Finally, district courts may *sua sponte* order dismissal under 12(b)(6) when it is "clear as a matter of law that no relief could be granted under any set of facts that could be proved consistent with the allegations in [a plaintiff's] complaint." *Grier v. United States*, No. 94-2319, 1995 WL 361271, at *1 (4th Cir. June 16, 1995) (citing *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)); *Leach v. Smith*, No, 4:06cv155, 2007 WL 1964457, at *5 (E.D. Va. July 2, 2007), *aff'd*, 258 F. App'x 526 (4th Cir. 2007) (citing *Eriline Co. S.A. v. Johnson*, 440 F.3d 648 (4th Cir. 2006)). Furthermore, when non-

5

moving defendants are in a similar position as a moving defendant, or when claims against defendants are fundamentally related, a court may dismiss actions against the non-moving party. *Domantav v. NDEX W., LLC*, No. 2:1cv788, 2015 WL 9268692, at *12 (E.D. Cal. Dec. 21, 2015) (citing *Silverton v. Dep't of Treasury*, 644 F.2d 1341, 1345 (9th Cir. 1981)).

### III. ANALYSIS

Put simply, Plaintiff's Complaint contains zero facts or supporting evidence indicating why Plaintiff is entitled to relief. Even bolstered by the deference owed to a *pro se* litigant, Plaintiff has not established anywhere close to a viable cause of action. *See Nemet Chevrolet*, 591 F.3d at 253. There are only two "facts" listed in the Complaint: "missing payments" and "missing Trustee payments." (Compl. at 3.) Plaintiff has not listed any details about the amount, dates, or frequency of the alleged missing payments. (*Id.*) She has not even indicated which Defendant corresponds with each fact. (*Id.*) Plaintiff attached a letter about eviction proceedings to the end of her Complaint, but even that letter contains no facts relevant to any of the Defendants. (*Id.* at 4.) All four causes of action fail to meet the minimum standard of facial plausibility required of Rule 12(b)(6) because of the absence of *any* pertinent facts or details in the Complaint.[3]

---

[3]. The documents that Chase provided to the Court, while not necessary for the Court's decision, further show that all the Defendants besides Chase had nothing to do with the foreclosure of Plaintiff's home. (*See* ECF Nos. 5-1–6.)

6

Moreover, even if the deference owed to Plaintiff as a *pro se* Complainant had convinced the Court to view Plaintiff's claims as toeing the threshold of plausibility, her three fraud claims remain far from passing muster given the heightened pleading standards required by Rule 9(b). Fraud claims must be stated *with particularity*. The circumstances outlined in Plaintiff's Complaint do not allege anything beyond legal conclusions of fraudulent behavior. *See Turner*, 930 F.3d at 644 (quoting *Wag More Dogs*, 680 F.3d at 365). Thus, the Court must grant Chase and Commonwealth's Motions to Dismiss.

What is more, the remaining claims in this case against CSC, CT Corp., and BWW are essentially identical to the claims against Commonwealth. (Compl. at 3.) While Chase had a small connection to Plaintiff because it was responsible for receiving payments related to Plaintiff's mortgage (ECF No. 5-3), Commonwealth and the other three Defendants have no discernable relationship with Plaintiff or her allegations in the Complaint. (Compl. at 3.) The Court construes the meager factual allegations Plaintiff includes in her Complaint as applying equally to each Defendant, as Plaintiff does not indicate otherwise. (*Id.*) Again, courts have the authority to *sua sponte* dismiss cases that fail to plead a plausible claim for a relief or that integrally relate to claims against a party who has moved to dismiss. *Grier*, 1995 WL 361271, at *1 (citing *Hishon*, 467 U.S. at 73); *Domantav*, 2015 WL 9268692, at *12 (citing *Silverton*, 644 F.2d at 1345). Thus, the Court will also dismiss the claims against CSC, CT Corp., and BWW.

7

## IV. CONCLUSION

The Court finds that Plaintiff did not plead enough factual allegations that, if accepted as true, state a claim for relief against any Defendant. Therefore, Plaintiff's Complaint does not withstand the pleading requirements of Rule 12(b)(6) or, where relevant, Rule 9(b). The Court will grant Chase and Commonwealth's Motions to Dismiss, dismiss the other Defendants *sua sponte*, and dismiss this case without prejudice.

An appropriate Order will accompany this Memorandum Opinion.

                                                                 /s/
                                         Henry E. Hudson
                                         Senior United States District Judge

Date: June 10, 2022
Richmond, Virginia